OPINION
{¶ 1} Defendant-Appellant, Richard A Burns, was convicted on his negotiated pleas of guilty to two third-degree felonies: theft of anhydrous ammonia, R.C. 2913.02(A)(1), (B)(8), and illegal assembly or possession of chemicals used for the manufacture of drugs, R.C. 2925.041(A), (C).
 {¶ 2} Third degree felonies carry a possible prison term of one, two, three, four, or five years. R.C. 2929.14(A)(3). The trial court imposed a minimum one-year prison term, plus restitution, for the R.C. 2913.02 offense. The court imposed five years of community control, including six months in the county jail to run consecutive to Defendant's completion of the one year prison term, and a mandatory $5,000 fine, for the R.C. 2925.041
offense.
 {¶ 3} Defendant filed a timely notice of appeal. He contests only the sentences the court imposed.
FIRST ASSIGNMENT OF ERROR
 {¶ 4} "THE TRIAL COURT ERRED IN NOT ADHERING TO O.R.C.2929.11, 2929.12 AND 2929.14."
 {¶ 5} R.C. 2929.11 states the purposes and principles of felony sentencing. Defendant-Appellant does not argue how the sentences the court imposed violates those provisions.
 {¶ 6} R.C. 2929.12 sets out the seriousness and recidivism factors the court must be guided by when it imposes a sentence. Again, Defendant-Appellant does not argue how the court violated those provisions, except to point out that he is a first offender.
 {¶ 7} R.C. 2929.14 sets out the basic prison terms for felonies and identifies predicate findings the court must make when it imposes certain sentences. In State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, the Supreme Court held that the findings requirements which R.C. 2929.14(B), (C), and (E) impose on the trial court violate a defendant's Sixth Amendment right to trial by jury as applied in Blakely v. Washington (2004),542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403, and are therefore unconstitutional, to the extent that such findings are required by those sections. However, neither Foster nor the requirements of R.C. 2929.14 are implicated by the sentences the court imposed.
 {¶ 8} Defendant-Appellant cites R.C. 2929.14(C), which requires the court to make certain findings before it imposes a maximum sentence. However, the court did not impose the maximum five year sentences available for either of the two offenses of which Defendant-Appellant was convicted. Therefore, R.C.2929.14(C) has no application to the error assigned.
 {¶ 9} Defendant-Appellant also cites R.C. 2929.19(B)(2)(d), which requires the court to state its reason(s) for imposing a maximum term. For the same reason, that section has no application.
 {¶ 10} Defendant-Appellant cites R.C. 2929.19(B)(2)(c), which requires the court to state its reason for imposing consecutive prison terms. No consecutive prison terms were imposed. The "Basic Prison Terms" for felonies are set out in R.C.2929.14(A)(1)-(5). Defendant's six-month jail sentence must be served consecutive to the one-year prison term the court imposed pursuant to R.C. 2929.14(A)(3), but the jail sentence is not a "prison term". Rather, it is an element of a community control sanction authorized and imposed by the court pursuant to R.C.2929.16(A)(3). Therefore, R.C. 2929.19(B)(2)(c) has no application to the error assigned.
 {¶ 11} Defendant-Appellant also argues that the trial court abused its discretion when, after having imposed community control sanctions for one of his offenses, the court imposed a prison term for the other, finding that community control sanctions for that offense would be inconsistent with the purposes and principles of sentencing in R.C. 2929.11. That section requires the court to consider the seriousness of the offender's conduct, which may vary in relation to the offense involved. The fact that two or more offenses grew out of the same course of conduct does not create a presumption that the same punishment should be imposed for each of them.
 {¶ 12} Finally, Defendant-Appellant argues that his sentences violate Blakely. However, as applied by Foster, Blakely does not prohibit the court from imposing the maximum sentence authorized by law for the offense involved absent additional findings. Defendant-Appellant's one year sentence for his R.C.2913.02 violation is such a sentence, being the minimum term available, for which no findings are required. The community control sanctions the court imposed for the R.C. 2925.041
violation likewise are not a product of a prohibited finding by the court that enhanced that penalty above another which was available.
 {¶ 13} The assignment of error is overruled. The judgment will be affirmed.
Brogan, J. And Donovan, J., concur.