[Cite as *State v. Behrendt*, 2016-Ohio-969.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                             Court of Appeals No. L-15-1135

        Appellee                                   Trial Court No. CR0201402531

v.

Steven Behrendt                                    **DECISION AND JUDGMENT**

        Appellant                                  Decided:  March 11, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Charles R. McDonald, Assistant Prosecuting Attorney,
for appellee.

Neil S. McElroy, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Steven Behrendt, appeals from his conviction in the Lucas

County Court of Common Pleas for pandering sexually oriented matter involving a

minor, a violation of R.C. 2907.322(A)(5) and (C).  We affirm.

**{¶ 2}** In 2009, agents from the Ohio Bureau of Criminal Investigations, investigating child pornography, traced a suspicious internet protocol address to appellant's home computer. Armed with a search warrant, appellant's computer was seized. It was found to contain downloaded child pornography files.

**{¶ 3}** Appellant was originally indicted for two felonies. The first charge was illegal use of minor in a nudity-oriented material or performance, a felony of the fifth degree. The second charge resulted in his conviction. Pursuant to a plea deal, the first charge was dismissed and appellant entered a plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). to one count of pandering sexually oriented matter involving a minor, a fourth degree felony.

**{¶ 4}** He was sentenced to 16 months in prison and classified a Tier II sex offender. Appellant now appeals setting forth the following assignments of error:

I. The trial court failed to consider the seriousness and recidivism factors of R.C. § 2929.12 and, therefore, the 16-month sentence is clearly and convincingly contrary to law.

II. Mandatory sex offender classifications under Senate Bill 10 constitute cruel and unusual punishment where the classification is grossly disproportionate to the nature of the offense and character of the offender.

**{¶ 5}** In his first assignment of error, appellant contends that his sentence is contrary to law because the court failed to consider the seriousness and recidivism factors of R.C. 2929.12. We disagree.

2.

**{¶ 6}** We review felony sentences under the two-prong approach set forth in R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

**{¶ 7}** We initially note that appellant's 16-month sentence is within the statutory range for a felony of the fourth degree. R.C. 2929.14(A)(4).

**{¶ 8}** The R.C. 2929.12 seriousness factors include: whether the physical or mental injury was worsened "because of the physical or mental condition or age of the victim"; whether the offense caused serious physical, psychological, or economic harm to the victim; whether the defendant held a public office or position of trust in the community, and the offense related to that office or position; whether the defendant's position obliged him to prevent the offense or bring offenders to justice; whether the defendant used his position to facilitate the offense or is likely to influence the future conduct of others; whether the defendant's relationship with the victim facilitated the offense; whether the defendant committed the offense for hire or as a part of an organized criminal activity; whether the defendant was motivated by prejudice based on race, ethnic

3.

background, gender, sexual orientation, or religion; and whether, for specified offenses, the offense was committed by a household member "in the vicinity of one or more children," and the defendant or his victim is a parent or custodian of at least one of those children.

{¶ 9} The R.C. 2929.12 recidivism factors include: whether there are previous adjudicated delinquencies or criminal convictions, whether the defendant has not responded favorably to previous sanctions or attempts at rehabilitation, whether the defendant refuses to acknowledge a drug- or alcohol-abuse problem or refuses treatment, and whether the defendant shows no "genuine remorse." Along with "any other relevant factors," factors that indicate that the defendant is not likely to commit future crimes are an absence of delinquency adjudications or criminal convictions, a law-abiding life for a significant number of years before the current offense, an unlikelihood that the circumstances under which the offense was committed will recur, and genuine remorse.

{¶ 10} Obviously, not all of these factors will apply to the facts of every case. As for the seriousness factors, only one is applicable to this fact scenario. Specifically, "[w]hether the physical or mental injury was worsened because of the physical or mental condition or age of the victim; whether the offense caused serious physical, psychological, or economic harm to the victim." While the victims were not personally known to the court or probably even to appellant, it is clear from the record that the court considered this factor. In response to appellant's comment that he viewed child pornography for "shock value," the court stated: "[I] would suppose maybe the shock

4.

value is what those little children are facing when that kind of conduct is placed upon them." The court went on to state on the record:

> There are two age groups that our law requires to recognize that they need protection, the elderly and little children, minors, they need special protection. Relative to children. Their innocence, their fragile physical stature as well as their inability to physically and mentally protect themselves makes children extremely vulnerable to victimization.

{¶ 11} As for the recidivism factors, the court specifically noted on the record appellant's age, 58, and the fact that he has a clean criminal record. The court pointed out that appellant placed some blame on his daughter for downloading a program on his computer he did not fully understand. The court did not find appellant to be remorseful stating "[appellant] did not take any responsibility for his actions * * *."

{¶ 12} The record supports our conclusion that the court properly considered the R.C. 2929.12 factors, and appellant's first assignment of error is found not well-taken.

{¶ 13} In his second assignment of error, appellant contends that mandatory sex offender classifications amount to cruel and unusual punishment. Appellant asked us to hold this issue in abeyance pending the Supreme Court of Ohio's decision in *State v. Blankenship*, a case that had not been decided at the time appellant's brief was filed.

{¶ 14} However, *Blankenship* was decided on November 12, 2015, with the court holding:

5.

[t]hat the registration and address-verification requirements for Tier II offenders under R.C. Chapter 2950 do not constitute cruel and unusual punishment in violation of either the Eighth Amendment to the United States Constitution or Article I, Section 9 of the Ohio Constitution. The Tier II registration requirements do not meet the high burden of being so extreme as to be grossly disproportionate to the crime or shocking to a reasonable person. *State v. Blankenship*, Slip Opinion No. 2015-Ohio-4624, ¶ 38.

{¶ 15} Appellant's second assignment of error is found not well-taken.

{¶ 16} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.       _____
                  JUDGE
Thomas J. Osowik, J.

James D. Jensen, P.J.     _____
CONCUR.              JUDGE

               _____
                  JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.