[Cite as *State v. Rubalcava*, 2016-Ohio-8171.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-16-1070

    Appellee                                     Trial Court No. CR0201302499

v.

Antonio Rubalcava                            **DECISION AND JUDGMENT**

    Appellant                                    Decided:  December 16, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Patricia S. Wardrop, Assistant Prosecuting Attorney, for appellee.

Tim A. Dugan, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Antonio Rubalcava, appeals the March 16, 2016 judgment of the
Lucas County Court of Common Pleas convicting him of trafficking in heroin and
possession of cocaine, both felonies of the fifth degree.  For the reasons that follow, we
affirm.

**Assignment of Error**

{¶ 2} Appellant sets forth the following assignment of error:

1) Appellant's sentence is contrary to law.

**Background Facts**

{¶ 3} On March 7, 2013, Toledo police executed a search warrant at appellant's residence. During the search, officers seized paraphernalia used for packaging and selling narcotics, as well as two "baggies" of suspected narcotics located on appellant's person. The baggies contained small amounts of cocaine and heroin.

{¶ 4} On September 4, 2013, appellant was indicted on possession of heroin in violation of R.C. 2925.11, a felony of the fifth degree; trafficking in heroin in violation of R.C. 2925.11, a felony of the fifth degree; possession of cocaine in violation of R.C. 2925.11, a felony of the fifth degree; and trafficking in heroin in violation of R.C. 2925.03, a felony of the fifth degree. Appellant failed to appear for his scheduled arraignment date and a capias was issued.

{¶ 5} Appellant was arrested on the capias on February 8, 2016. On February 10, 2016, arraignment was held and a not guilty plea was entered. On February 26, 2016, appellant entered guilty pleas to trafficking in heroin and possession of cocaine, each felonies of the fifth degree. The court accepted appellant's pleas and found him guilty. A presentence investigation (PSI) was ordered and sentencing was scheduled for March 16, 2016.

**{¶ 6}** At sentencing, the court summarized appellant's PSI and gave an overview of appellant's criminal history. Appellant was sentenced to nine months incarceration for trafficking in heroin and three years community control for possession of cocaine. Appellant was also sentenced to three years discretionary postrelease control on both counts.

**{¶ 7}** It is from this judgment appellant now timely appeals.

## Standard of Review

**{¶ 8}** We review felony sentences under a two-prong approach. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or (b) That the sentence is otherwise contrary to law.

*See State v. Behrendt*, 6th Dist. Lucas No. L-15-1135, 2016-Ohio-969, ¶ 6; *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

**{¶ 9}** Here, appellant challenges his imposed sentence as "contrary to law," arguing generally and with one specific ground. Therefore, we first address the general argument and then the more specific argument.

3.

## A. "Contrary to Law"

{¶ 10} A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 along with the seriousness and recidivism factors under R.C. 2929.12, properly applies postrelease control, and imposes a sentence within the statutory range. *See State v. Craig*, 6th Dist. Wood No. WD-14-061, 2015-Ohio-1479, ¶ 9.

### i. Postrelease Control

{¶ 11} "Any sentence to a prison term for a felony of the * * * fifth degree that is not subject to division (B)(1) or (3) of this section shall include a requirement that the offender be subject to a period of post-release control of up to three years after the offender's release from imprisonment." *See* R.C. 2967.28(C).

{¶ 12} Here, the trial court imposed two, three-year discretionary terms of postrelease control upon appellant in accordance with R.C. 2967.28(C).

{¶ 13} Specifically, the March 18, 2016 sentencing entry stated, "[i]t is further ORDERED the [appellant] is subject to up to 3 years discretionary post-release control as to count 2, up to 3 years discretionary post-release control as to count 3, after the [appellant]'s release from imprisonment pursuant to R.C. 2967.28 and 2929.14."

{¶ 14} Consequently, the trial court properly applied postrelease control upon appellant and his sentence is not contrary to law on that basis.

4.

### ii. Statutory Range

{¶ 15} R.C. 2929.14(A)(5) provides a statutory range for a fifth-degree felony as 6 to 12 months.

{¶ 16} Here, appellant was sentenced to nine months incarceration for his fifth-degree felony, trafficking in heroin conviction. This sanction is within the statutory range. *See*, *e.g.*, *State v. Mennifield*, 5th Dist. Richland No. 15-CA-15, 2015-Ohio-4660, ¶ 43 (defendant sentenced to 12 months incarceration for fifth-degree felony).

{¶ 17} Accordingly, the trial court properly imposed sentence within the statutory range and his sentence is not contrary to law on that basis.

### iii. Principles and Purposes of Sentencing

{¶ 18} R.C. 2929.11(A) pertinently provides, "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions." It follows, "the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *See* R.C. 2929.11(A); *see also Craig*, 6th Dist. Wood No. WD-14-061, 2015-Ohio-1479, at ¶ 10.

{¶ 19} A felony sentence, therefore, "shall be reasonably calculated to achieve the two overriding purposes * * * set forth in [R.C. 2929.11(A)], commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim,

5.

and consistent with sentences imposed for similar crimes committed by similar offenders." *See* R.C. 2929.11(B); *Craig* at ¶ 10.

{¶ 20} Here, at the March 16, 2016 sentencing hearing, the trial court did not impose the maximum prison term and the court rationalized its sentence based on its attempt to punish appellant for his long history of drug and theft crimes. The trial court stated:

> So ever since you've been an adult, it's been theft, drugs, theft, drugs. You're the only one that put a stop to it. So the sentence I gave you could have been longer given your history, two prior felonies, ten misdemeanors. Could have been a longer sentence to the penitentiary, but I hope that this combination of punishment and then later treatment is going to be what gets you finally to do what you need to do to make yourself feel better about yourself.

{¶ 21} Consequently, the finding under R.C. 2929.11 is supported by the record and appellant has failed to show clearly and convincingly that the sentence is contrary to law on that basis.

### iv. Seriousness and Recidivism Factors

{¶ 22} R.C. 2929.12(A) pertinently provides, "a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing."

6.

**{¶ 23}** In this determination, "R.C. 2929.12 provides a non-exhaustive list of factors the court must consider in determining the relative seriousness of the underlying crime and the likelihood that the defendant will commit another offense in the future." *State v. Kronenberg*, 8th Dist. Cuyahoga No. 101403, 2015-Ohio-1020, ¶ 26. "The factors include: (1) the physical, psychological, and economic harm suffered by the victim, (2) the defendant's prior criminal record, (3) whether the defendant shows any remorse, and (4) any other relevant factors." *Id*., citing R.C. 2929.12(B) and (D); *see also Behrendt*, 6th Dist. Lucas No. L-15-1135, 2016-Ohio-969, at ¶ 8-9.

**{¶ 24}** A sentencing court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable seriousness and recidivism factors. *See State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

**{¶ 25}** Here, the trial court referenced appellant's PSI, violation of bond conditions, and 12 plus years of crimes (including 2 felonies and 10 misdemeanors). Therefore, we cannot say the trial court committed reversible error when imposing the ordered sanctions.

**{¶ 26}** Accordingly, appellant's general "contrary to law" argument is not well-taken.

### v. Community Control

**{¶ 27}** In addition to the general "contrary to law" argument, appellant specifically argues the trial court erred when it found him not amenable to community control for

7.

trafficking in heroin but amenable to community control for possession of heroin, as both crimes happened simultaneously.

{¶ 28} R.C. 2929.15(A)(1) states, "[i]f in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions[.]"

{¶ 29} "The fact that two or more offenses grew out of the same course of conduct does not create a presumption that the same punishment should be imposed for each of them." *State v. Burns*, 2d Dist. Greene No. 05-CA-0106, 2006-Ohio-2666, ¶ 11. A trial court has discretion and is authorized to impose a combination of sanctions. *See*, *e.g.*, *State v. Santiago*, 8th Dist. Cuyahoga No. 102433, 2015-Ohio-4674, ¶ 13-16.

{¶ 30} Here, the trial court had discretion to find appellant amenable to community control on one count and not the other. Consequently, appellant's sentence is not contrary to law on that basis, and his sole assignment of error is not well-taken.

## Conclusion

{¶ 31} The judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____
                JUDGE

Arlene Singer, J.

                _____
Thomas J. Osowik, J.          JUDGE
CONCUR.

                _____
                JUDGE

9.