[Cite as *State v. Greer*, 2017-Ohio-46.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No. L-16-1023

       Appellee                                      Trial Court No. CR0201502406

v.

Jacob R. Greer                                      **DECISION AND JUDGMENT**

       Appellant                                     Decided:  January 6, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Frank H. Spryszak, Assistant Prosecuting Attorney, for appellee.

Amanda A. Krzystan, for appellant.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

{¶ 1} Appellant, Jacob R. Greer, appeals the judgment of the Lucas County Court of Common Pleas, sentencing him to a 54-month prison term following a no contest plea to aggravated vehicular homicide, pursuant to R.C. 2903.06(A)(2)(a) and (B), a felony of the third degree.  For the following reasons, we affirm.

## A. Facts and Procedural Background

{¶ 2} On July 2, 2015, appellant was travelling between 63-78 m.p.h. in a 35 m.p.h. zone when his vehicle collided into the rear of another vehicle, which had stopped at a stop light. The impact of the collision killed the driver of the other vehicle. Toxicology reports concluded that appellant had trace amounts of alprazolam, a prescription anti-anxiety medication for which he was not prescribed, as well as marijuana metabolite in his system at the time of the accident.

{¶ 3} Appellant was indicted by a Lucas County Grand Jury for aggravated vehicular homicide, pursuant to R.C. 2903.06, a felony of the second degree, and aggravated vehicular homicide, pursuant to R.C. 2903.06(A)(2)(a) and (B), a felony of the third degree. After pretrial negotiations, appellant entered a no contest plea to the second count, aggravated vehicular homicide, pursuant to R.C. 2903.06(A)(2)(a) and (B), a felony of the third degree.

{¶ 4} On January 12, 2016, appellant's sentencing hearing was held. At sentencing, both appellant and appellant's trial counsel made statements on appellant's behalf. The state of Ohio remained silent, in compliance with a plea agreement, and the victim's mother made a victim impact statement. The court noted that it had taken into consideration everything it must consider pursuant to statute and rule, not limited to R.C. 2911.11-13, the presentence investigation report, oral statements in court, and several letters received by the court. Following a lengthy colloquy, the court sentenced appellant to a 54-month prison term.

2.

**{¶ 5}** It is from this sentence that appellant has filed his timely appeal.

## B. Assignments of Error

I. WHETHER THE TRIAL COURT ERRED IN SENTENCING DEFENDANT AS IT FAILED TO COMPLY WITH THE REQUIREMENTS OF OHIO REVISED CODE SECTION 2929.11 ET SEQ.

II. WHETHER THE TRIAL COURT ERRED IN READING THE DEFENDANT-APPELLANT'S PRESENTENCE INVESTIGATION INTO THE RECORD AND IN OPEN COURT WHEN THE PRESENTENCE INVESTIGATION REPORT IS A CONFIDENTIAL DOCUMENT.

## II. Analysis

**{¶ 6}** For his first assignment of error, appellant argues that his sentence was excessive, in that it did not comply with R.C. 2929.11 and 2929.12.

**{¶ 7}** In *State v. Behrendt,* 6th Dist. Lucas No. L-15-1135, 2016-Ohio-969, ¶ 6, we clarified the standard of review for felony sentencing issues:

> We review felony sentences under the two-prong approach set forth in R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following: (a) that the record does not support the sentencing court's findings under division (B) or (D) of

3.

section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or (b) that the sentence is otherwise contrary to law. *Id.*

{¶ 8} At the outset, we would note that appellant's 54-month sentence is within the statutory range for a felony of the third degree. R.C. 2929.14(A)(3)(a). The only determination for this court to make is whether the record, clearly and convincingly, does not support the sentencing court's findings.

{¶ 9} Appellant specifically argues that the court failed to properly consider all factors listed in R.C. 2929.12(B) and (D) pertaining to the seriousness of defendant's conduct and to appellant's propensity and likelihood for recidivism. Based on the court's lack of proper consideration, appellant argues that his sentence was excessive. We disagree.

{¶ 10} Trial courts have full discretion to impose a sentence within the statutory range without a requirement that it issue specific reasons or findings prior to imposition of such a sentence. *State v. Mathis,* 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 37. However, although the court is no longer compelled to make findings and give reasons at the sentencing hearing, the court must carefully consider the applicable statutes for felony sentencing, including R.C. 2929.11 and 2929.12. *Id.* at ¶ 38.

{¶ 11} A sentencing court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable seriousness and

4.

recidivism factors. *See State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). The court, in its judgment entry, expressly stated:

> The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness, recidivism, and other relevant factors under R.C. 2929.12.

{¶ 12} Specifically, the court noted, and it is undisputed, that the victim, a young man, died as a result of appellant's actions. This finding is applicable to R.C. 2929.12(B)(1) and (2). Further, the court found that appellant had prior substance abuse convictions, was previously ordered to undergo substance abuse treatment, had marijuana metabolite in his system at the time of the accident, and tested positive for cocaine while on bond for this case. These findings specifically support the court's consideration of the recidivism factors of R.C. 2929.12(D).

{¶ 13} There is no specific balancing test to apply to R.C. 2929.12, and the statute specifically states that "a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing." R.C. 2929.12(A).

{¶ 14} We find that appellant's 54-month sentence was supported by the record and was not otherwise contrary to law. Therefore, appellant's first assignment of error is not well-taken.

5.

{¶ 15} For his second assignment of error, appellant argues that the court erred by reading portions of the presentence investigation report ("PSI") into the record at the sentencing hearing. Appellant contends that because a PSI is a confidential document, a court should not disclose its contents in open court. This argument lacks merit.

{¶ 16} Appellant is correct in his assertion that a PSI is not a public record, as defined in R.C. 149.43(A)(1). He cites to *State ex rel. Whittaker v. Court of Common Pleas,* 8th Dist. Cuyahoga No. 78718, 2001 Ohio App. LEXIS 680 (Feb. 15, 2001), to support the proposition that direct quotes by defendant should never be disclosed in open court. Appellant's reliance on *Whittaker* is misguided. In *Whittaker*, appellant sought a writ of mandamus to compel the court to provide him with a copy of his PSI subsequent to his criminal conviction and sentencing. The 8th District denied appellant's request because a PSI is not a public record under R.C. 149.43(A)(1). *Id.*

{¶ 17} In the cases, sub judice, the PSI was not disclosed to the public subsequent to sentencing. R.C. 2951.03(B)(3) expressly allows a court to state orally a summary of the PSI in open court. Appellant has cited no authority to support his proposition that a court is precluded from listing factors garnered from a PSI in open court in support of its sentencing decision. Likewise, we find no authority to support such a proposition.

{¶ 18} Accordingly, appellant's second assignment of error is not well-taken.

6.

### III.  Conclusion

**{¶ 19}** Based on the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed.  Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.           _____
                                                          JUDGE

Thomas J. Osowik, J.           

Stephen A. Yarbrough, J.      _____
CONCUR.                                              JUDGE

_____
                                                          JUDGE