[Cite as *State v. Baughman*, 2017-Ohio-346.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-16-1008

      Appellee                                    Trial Court No. CR0201502181

v.

Mark Baughman                                **DECISION AND JUDGMENT**

      Appellant                                 Decided:  January 27, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Claudia A. Ford, Assistant Prosecuting Attorney, for appellee.

Tim A. Dugan, for appellant.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

**{¶ 1}** Appellant, Mark Baughman, appeals the judgment of the Lucas County

Court of Common Pleas, sentencing him to two 30-month prison terms, to be served

consecutively, following no contest pleas to two counts of making terroristic threats,

pursuant to R.C. 2909.23, felonies of the third degree.

## A. Facts and Procedural Background

{¶ 2} Appellant, an inmate at the Toledo Correctional Institution, was indicted by a Lucas County Grand Jury for two counts of making terroristic threats, in relation to two specific letters. The letters, both written to John Coleman, warden of the Toledo Correctional Institution, describe appellant's distaste for the American justice system, threaten violence to the American public, are signed, "Bomb Man," and one letter sympathizes with ISIS.

{¶ 3} After pretrial negotiations, appellant entered no contest pleas to both counts, in exchange for the dismissal of two other counts of making terroristic threats from a separate case. His sentencing hearing was held on December 22, 2015.

{¶ 4} At sentencing, the court discussed the contents of the presentence investigation report, stating:

THE COURT: And my problem is these threats are so potentially dangerous I would feel uncomfortable releasing you because everybody in this report thinks that you are capable of carrying out some of these threats that you've made, and I don't want to be responsible for somebody getting killed based on these ridiculous threats.

{¶ 5} The court proceeded to sentence the defendant to a 30-month prison term for each count, and ordered them to run consecutively. It is from this sentence that appellant has filed his timely appeal.

## B. Assignment of Error

{¶ 6} On appeal, appellant presents a sole assignment of error for our review:

1) Appellant's sentence is contrary to law.

## II. Analysis

{¶ 7} In support of his assertion that his sentence was contrary to law, appellant advances two arguments. He first argues that the court's findings for consecutive sentences are not supported by clear and convincing evidence. We disagree.

{¶ 8} We review felony sentences under the two-prong approach set forth in R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following: (a) that the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or (b) that the sentence is otherwise contrary to law. *State v. Behrendt*, 6th Dist. Lucas No. L-15-1135, 2016-Ohio-969, ¶ 6, citing *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11.

{¶ 9} We would initially note that appellant's sentence of two 30-month terms, to run consecutively, is within the range of sentences for two third-degree felonies. R.C. 2929.14(A)(3)(a).

{¶ 10} Consecutive sentences may be imposed at the court's discretion. Before imposing consecutive sentences, the trial court must find consecutive sentences are

3.

"necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and that one of the circumstances listed at R.C. 2929.14(C)(4)(a), (b), (c) existed. *See* R.C. 2929.14(C)(4).

{¶ 11} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus.

{¶ 12} Here, the court strictly complied with R.C. 2929.14(C)(4) by making specific findings that 1) consecutive sentences were necessary to protect the public from future crime or to punish the offender; 2) consecutive sentences were not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and 3) appellant's criminal history demonstrated that consecutive sentences were necessary to protect the public from future crime. These findings were subsequently memorialized in the judgment entry.

{¶ 13} Appellant argues that these findings were contrary to law, reasoning that it would be unlikely that a 63-year-old man would go about a violent rampage after being in prison for over two decades. Aside from this bare assertion, appellant provides no support of his position that the court's findings for consecutive sentences were not supported by clear and convincing evidence. Indeed, the court noted that the threats were

extremely dangerous and everyone involved in creating the presentence report thought that appellant was capable of carrying out the threats. Therefore, we reject the argument that the court's findings for consecutive sentencing were not supported by clear and convincing evidence.

{¶ 14} Appellant next argues that the trial court's statement that it considered R.C. 2929.11 and 2929.12 was not supported by the record. Specifically, appellant reasons that the court failed to properly weigh the principles and purposes of sentencing because the state of Ohio agreed not to object to community control sanctions. Appellant cites no law to support this position, and this argument holds no weight.

{¶ 15} In *Tammerine*, we recognized that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, still can provide guidance for determining whether a sentence is clearly and convincingly contrary to law. *Tammerine* at ¶ 15. In *Kalish*, the Ohio Supreme Court held that where the trial court expressly stated that it considered the purposes and principles of sentencing in R.C. 2929.11 as well as the factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily permissible range, the sentence was not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

{¶ 16} Here, the judgment entry clearly reflects that it weighed the principles and purposes of sentencing under R.C. 2929.11 as well as recidivism factors set out in R.C. 2929.12. It is undisputed that the court properly applied postrelease control and that the

5.

sentence is within the permissible range.  Therefore, appellant's sentence was not contrary to law.

{¶ 17} Accordingly, appellant's sole assignment of error is not well-taken.

### III.  Conclusion

{¶ 18} Based on the foregoing, the judgment of the Lucas County Court of Common Pleas is affirmed.  Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                                  _____

                                                                 JUDGE

Thomas J. Osowik, J.

                                                         _____

Stephen A. Yarbrough, J.                               JUDGE
CONCUR.

                                                                  _____

                                                                 JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.