[Cite as *State v. Elmore*, 2018-Ohio-1003.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                    Court of Appeals No. WD-17-033

    Appellee                                Trial Court No. 2016CR0134

v.

Nicholas C. Elmore                        **DECISION AND JUDGMENT**

    Appellant                               Decided: March 16, 2018

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an April 25, 2017 judgment of the Wood County

Court of Common Pleas, sentencing appellant to a 10-month term of incarceration on

appellant's conviction of one count of violation of a protection order, in violation of R.C.

2919.27(A)(2), a felony of the fifth degree. Appellant was convicted following a jury trial. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Nicholas Elmore, sets forth the following sole assignment of error:

Appellant's sentence should be vacated due to the trial court's failure to comply with the specific directives of R.C. 2929.11 and 2929.12.

{¶ 3} The following undisputed facts are relevant to this appeal. In 2011, appellant moved into a residence located in Rossford, Ohio. Subsequently, appellant became engaged in a pattern of adversarial conflicts involving the next-door neighbors.

{¶ 4} Ultimately, appellant's aggression escalated and he threatened to kill the husband of the couple residing next-door, as well as threatening to kill the couple's dog. In response, the neighbors obtained a protection order against appellant pursuant to which he was to have no contact with them.

{¶ 5} Appellant disregarded the protection order and continued to taunt and threaten the neighbors in violation of the protection order. On March 9, 2016, appellant encountered the wife of the couple and one of her friends. Appellant aggressively yelled epithets in violation of the order.

{¶ 6} On May 5, 2016, appellant was indicted on one count of violation of a protection order, in violation of R.C. 2919.27(A)(2), a felony of the fifth degree. A warrant was later issued for appellant's arrest due to failure to appear. On March 15, 2017, a jury trial commenced in the case. Appellant was found guilty and a presentence investigation report was ordered.

2.

{¶ 7} On April 25, 2017, appellant was sentenced to a less than maximum term of incarceration of 10 months and was given credit for time served. This appeal ensued.

{¶ 8} In the sole assignment of error, appellant maintains that although he received a lawful, less than maximum sentence, and despite possessing a lengthy criminal history and the admittedly "disconcerting" facts of the instant case, the sentence was nevertheless improper. We do not concur.

{¶ 9} Felony sentence review in Ohio is governed by R.C. 2953.08(G)(2). Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, decrease, modify, or vacate a disputed felony sentence if it clearly and convincingly finds that applicable statutory findings made by the court were not supported by the record or the sentence is otherwise contrary to law. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11.

{¶ 10} The record in the instant case reflects that appellant possesses an extremely lengthy criminal history encompassing approximately 75 criminal charges against appellant over the years prior to the instant case. In addition, the record reflects an ongoing pattern of appellant of failing to comply with court orders, with recommended services, and of regular recidivism.

{¶ 11} The record reflects that the trial court gave careful consideration to multiple factors in the course of crafting the disputed sentence. The trial court concluded in pertinent part, "Defendant was under community control sanction when he committed this offense. Further, the victim of the offense suffered and suffers from serious

3.

psychological harm * * * [T]he Court reviewed the offenders prior criminal history and the offender has not responded favorably to sanctions * * * shows no genuine remorse * * * takes no responsibility." The trial court further went on to emphasize the compelling need to protect the public and appellant's refusal to engage in recommended services and treatment.

{¶ 12} In support of this appeal, appellant asserts that the fact that the case is replete with aggravating factors, adverse to appellant, and is devoid of significant mitigating factors, in favor of appellant, somehow caused the trial court to "improperly outweigh" the aggravating factors over the mitigating factors. We find this unsupported position counter-intuitive and we do not concur.

{¶ 13} The record reflects that the disputed trial court sentence was less than maximum and well within the permissible statutory range. The record reflects that appellant possesses a lengthy criminal history reflecting an ongoing pattern of recidivism and failure to comply with court orders and recommended services. The record also reflects that there are no applicable R.C. 2929.13, R.C. 2929.14 or R.C. 2929.20 statutory findings made by the trial court but not supported by the record.

{¶ 14} Notably, the record shows that appellant's position is rooted in the mistaken notion that the sentence is compromised because appellant was not given either community control or a minimum term of incarceration. There is no statutory or case law support of this position. We further note that appellant was already on community control at the time of these events.

4.

**{¶ 15}** Based upon the foregoing, we find that the record reflects no impropriety of any kind in the disputed sentence. Appellant's sole assignment of error is found not well-taken. The judgment of the Wood County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

James D. Jensen, J.

_____
Christine E. Mayle, P.J.                     JUDGE
CONCUR.

_____
JUDGE