[Cite as *State v. Baker*, 2019-Ohio-4004.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio

    Appellee

v.

Clarrisa M. Baker

    Appellant

Court of Appeals No. S-18-050

Trial Court No. 18 CR 160

**DECISION AND JUDGMENT**

Decided: September 30, 2019

* * * * *

Timothy Braun, Sandusky County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

Danielle C. Kulik, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Clarissa Baker, appeals from the November 26, 2018 judgment of

the Sandusky County Court of Common Pleas convicting her of tampering with evidence,

a violation of R.C. 2921.12(A)(1)(B), following acceptance of her guilty plea and

sentencing her to 24 months of imprisonment.  For the reasons which follow, we affirm.

On appeal, appellant asserted the following assignments of error:

> 1.  IT IS AN ABUSE OF DISCRETION TO SENTENCE A DEFENDANT PURELY ON AN ACQUITTED CHARGE.

> 2.  THE SENTENCE IMPOSED WAS CONTRARY TO THE PURPOSES OF FELONY SENTENCING.

{¶ 2} Appellant was indicted in a multiple-count indictment alleging one count of violating R.C. 2921.12(A)(1)(B), tampering with evidence, a third-degree felony, and one count of violating R.C. 2925.03(A)(1)(C)(1)(A), trafficking, a fourth-degree felony.  These two charges arose out of two separate incidents that occurred on February 2 and 22, 2018.  On February 2, 2018, appellant hid evidence of drug usage after her boyfriend overdosed on drugs at a Walmart parking lot.  On February 22, 2018, appellant sold 0.13 grams of Fentanyl.  Appellant pled guilty to tampering with evidence and the remaining charge was dismissed.  Appellant was sentenced to a 24-month term of imprisonment.

{¶ 3} In her first assignment of error, appellant argues the trial court erred when it considered evidence regarding the acquitted charge in sentencing appellant.  However, appellant was not acquitted of the second count.  Rather, she entered a plea to the first count in exchange for dismissal of the second count.  In her second assignment of error, appellant asserts that the sentence was imposed without consideration of the principles

2.

and purposes of sentencing because the court imposed more than the minimum sentence for a first-time offender. We address both assignments of error together.

{¶ 4} Our standard of review in this case is limited by R.C. 2953.08(G)(2)(b) to whether the sentence is contrary to law. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22-23. We cannot find a sentence is clearly and convincingly contrary to law if the record indicates the trial court considered the purposes and principles of sentencing, R.C. 2929.11, and the seriousness and recidivism factors, R.C. 2929.12, and imposes a sentence within the statutory range. *State v. Rubalcava*, 6th Dist. Lucas No. L-16-1070, 2016-Ohio-8171, ¶ 10. The court has discretion to impose any sentence within the statutory range and is not required to give findings or reasons before imposing the sentence, whether the maximum or more than the minimum sentence allowed under law. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 11, abrogated on other grounds by *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 10; *State v. Elmore*, 6th Dist. Wood No. WD-17-033, 2018-Ohio-1003, ¶ 9.

{¶ 5} A trial court can consider, with regard to sentencing, the facts relating to an offense which was dismissed or of which the defendant was acquitted so long as these facts are not the sole basis for the sentence. *State v. Pippin*, 6th Dist. Lucas No. L-18-1023, 2019-Ohio-1387, ¶ 13-14; *State v. Waxler*, 6th Dist. Lucas No. L-11-1101, 2012-Ohio-3619, ¶ 10, citing *State v. Wiles*, 59 Ohio St.3d 71, 78, 571 N.E.2d 97 (1991).

3.

**{¶ 6}** In this case, the court could have sentenced appellant to a definite prison term of "nine, twelve, eighteen, twenty-four, thirty, or thirty-six months." R.C. 2929.14(A)(1)(b). The trial court sentenced appellant to 24 months after reviewing the "very thorough" presentence investigation report, consideration of the facts relating to the offense as presented by the state and appellant, and noting appellant's prior participation in several treatment programs. However, the court also considered the fact that appellant had been charged with trafficking in heroin about three weeks after her friend had overdosed on heroin and she had destroyed the evidence of his drug use. The court also noted that in the presentence investigation appellant acknowledged that she had been using and selling Fentanyl in the county for quite some time. The court found these facts were relevant to the issue of the sentence necessary to protect the public from future crime by appellant and to punish her for her bad conduct. The fact that appellant was currently participating in rehabilitative services was considered by the trial court but was outweighed by the fact that the court believed a prison term was necessary to alter appellant's future behavior and protect the public.

**{¶ 7}** We find that the court considered the principles of sentencing and the seriousness and recidivism factors as it exercised its discretion in evaluating the facts of this case. While the court considered the facts relating to appellant's dismissed charge of trafficking, the court also considered the additional facts regarding her tampering charge and her own admissions regarding her long-term involvement in illegal drug trafficking.

4.

Therefore, we find the sentence was not contrary to law. Appellant's first and second assignments of error are not well-taken.

{¶ 8} Having found that the trial court did not commit error prejudicial to appellant and that substantial justice has been done, the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Christine E. Mayle, P.J.

Gene A. Zmuda, J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.