**[Cite as *State v. Neal*, 2017-Ohio-8923.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY


State of Ohio                                        Court of Appeals No. L-16-1267

        Appellee                                    Trial Court No. CR0201602632

v.

Robert Edward Neal                          **DECISION AND JUDGMENT**

        Appellant                                   Decided: December 8, 2017

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Claudia A. Ford, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Robert E. Neal, appeals his sentence from the October 12, 2016

judgment of the Lucas County Court of Common Pleas, in which he was sentenced to 18

months incarceration for domestic violence. Finding no error, we affirm.

**Assignment of Error**

{¶ 2} Appellant sets forth the following assignment of error:

1) The trial court did not comply with R.C. 2929.11 and 2929.12 in sentencing Appellant to 18 months in the Ohio Department of Rehabilitation and Corrections.

**Facts**

{¶ 3} On August 18, 2016, appellant physically assaulted the victim. Appellant was the victim's estranged husband, and he assaulted her in a jealous rage after witnessing her sitting in her enclosed porch with a male friend. The victim suffered resulting injuries, including abrasions on her ear and forehead.

{¶ 4} On September 7, 2016, appellant was charged with two counts: domestic violence in violation of R.C. 2919.25(A) and (D)(3), a felony of the fourth degree; and burglary in violation of R.C. 2911.12(A)(2) and (D), a felony of the second degree.

{¶ 5} The indictment included appellant's previous conviction of domestic violence on May 16, 2016, in Toledo Municipal Court case No. CRB-16-05490-0102. Appellant was on postrelease control for this conviction when he assaulted the victim in August 2016.

{¶ 6} On September 13, 2016, appellant pled not guilty to both charges. On October 11, 2016, appellant withdrew his plea and entered a plea of no contest to the domestic violence charge. The state agreed to nolle the burglary charge. A signed

2.

agreement reflecting the plea deal was submitted, and the court proceeded with its colloquy under Crim.R. 11.

{¶ 7} Appellant admitted to the domestic violence charge in open court, stating: "I would like to apologize to my wife for putting my hands on her and letting my emotions get the best of me, you know, I would like for her to tell my kids that I'm sorry for what happened and I wish it didn't happen[.]"

{¶ 8} The trial court accepted the facts and plea, found appellant guilty, and proceeded to sentence appellant. Appellant waived his presentence investigation, so the court sentenced him at the October 11, 2016 hearing.

{¶ 9} Appellant was sentenced to 18 months in prison, three years discretionary postrelease control, and imposition of court costs. The court stated in open court and in its entry that it considered the sentencing criteria and applicable sentencing statutes. The entry was journalized October 12, 2016, and appellant now timely appeals.

**Legal Analysis**

{¶ 10} In his sole assigned error, appellant argues the trial court erred in imposing a maximum sentence of 18 months. Appellee contends the record supports the sentence under the relevant statutes and the sentence is not contrary to law.

{¶ 11} We review felony sentences under a two-prong approach. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

3.

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or (b) That the sentence is otherwise contrary to law.

*See State v. Behrendt*, 6th Dist. Lucas No. L-15-1135, 2016-Ohio-969, ¶ 6; *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

{¶ 12} A sentence is not contrary to law where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 along with the seriousness and recidivism factors under R.C. 2929.12, and imposes a sentence within the statutory range. *See State v. Craig*, 6th Dist. Wood No. WD-14-061, 2015-Ohio-1479, ¶ 9.

{¶ 13} Pursuant to R.C. 2929.14(A)(4), the statutory sentencing range for a fourth-degree felony is between 6 and 18 months.

{¶ 14} Here, appellant was sentenced to a prison term of 18 months for his domestic violence conviction. This prison term is within the permissible range. *See* R.C. 2929.14(A)(4).

{¶ 15} R.C. 2929.11(A) provides, in relevant part: "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes * * *." In order to comply with R.C. 2929.11, a trial court must impose a sentence that is "reasonably calculated to achieve the two overriding

4.

purposes of felony sentencing * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *See* R.C. 2929.11(B).

{¶ 16} In carrying out its obligations to impose a sentence consistent with the purposes and principles of sentencing, the trial court must weigh the factors indicating that the offender's conduct is more serious than conduct normally constituting the offense under R.C. 2929.12(B) against those factors indicating that the offender's conduct is less serious than conduct normally constituting the offense under R.C. 2929.12(C). Further, the court must weigh the factors contained in R.C. 2929.12(D) indicating the likelihood that the offender will commit future crimes against the factors contained in R.C. 2929.12(E) indicating that the offender is not likely to commit future crimes.

{¶ 17} We further note that a sentencing court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable sentencing criteria. *See State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000); *State v. Thebeau*, 6th Dist. Ottawa No. OT-14-017, 2014-Ohio-5598, ¶ 16.

{¶ 18} Here, the court expressly stated in open court that it considered R.C. 2929.11 and 2929.12, in the following manner:

> The Court considered the record, the oral statement, the victim
>
> impact statement provided, PSI presentence investigation was waived, as

5.

well as the principles and purposes of sentencing, has balanced the seriousness and recidivism factors. * * *

After considering the relevant sections of [the] Ohio Revised Code, I find that the [appellant] is not amenable to community control, and prison is consistent with the principles and purposes of sentencing. It is, therefore, ordered that [appellant] serve a term of 18 months in the state penitentiary as to count two of the indictment.

{¶ 19} Moreover, the sentencing entry states: "Court considered the record, oral statements, any victim impact statement, as well as principles and purposes of sentencing under R.C. 2929.11 balancing seriousness, recidivism and other relevant factors under R.C. 2929.12. Court found prison sentence consistent with the purposes of R.C. 2929.11, [appellant] not amenable to community control."

{¶ 20} In light of the trial court's statements at the hearing, as well as the language contained in the sentencing entry, we conclude that the court complied with its obligations under R.C. 2929.11 and 2929.12.

{¶ 21} Furthermore, the sentence imposed was supported in the record.

{¶ 22} More specifically, the record reveals that appellant caused the victim injuries to her head and ear, that the victim was treated by medical personnel due to the violence, and that appellant had another domestic violence conviction and was on postrelease control for assaulting the victim earlier that year.

6.

**{¶ 23}** At the October 11, 2016 hearing, the victim shared her opinion on sentencing appellant, the couple's history of domestic violence, appellant's recent pattern of violence, and the impact that the repeated violence had on her and her children.  She stated they had been married for ten years and that, throughout those years, she had not seen any positive change in appellant.  She stressed how he had continually abused her, and how he goes to extremes such as physically assaulting her, using "a machete" to control and intimidate her, slashing her tires, keying her car, busting out windows to her and their children's home, and ignoring no-contact orders.  She requested appellant receive the maximum sentence.

**{¶ 24}** The trial court then expressed its disappointment with appellant's repeat offending prior to sentencing, stating:

> [APPELLANT]:  Like I said, I made a mistake putting my hands on her when I seen (sic) that man on there. * * * My kids telling me the man been coming over there playing with them, going upstairs with their mother, you know, and I lost it.
>
> THE COURT:  *That's the problem*—
>
> [APPELLANT]:  And I'm—
>
> THE COURT:  —is you have no right to lose it.
>
> [APPELLANT]:  Right, at all, at all though.
>
> THE COURT:  That person— *you don't get it*.  That person sitting behind you is a free thinking human being—

[APPELLANT]:  Yes.

THE COURT:  —able to make her own decisions, and you have no authority to control her.

[APPELLANT]:  Yes.

THE COURT:  Which is what you tried to do through violence. That's— *you have a problem*.  You need— as they used to say on the street, you need to get a grip.  She's free.  She gets to do what she want[s]. She can date you.  She can date other people.  If you don't like it, your course is to hire a lawyer, go over to domestic relations and get a divorce, not lay hands on her.

[APPELLANT]:  Yes.

THE COURT:  *You should have learned that the first time*.  You don't understand.  And I do find that you, in your current frame of mind, *you're a threat to that poor lady* because if she does something you don't agree with, the consequence will simply be violence.  *That was proven in [M]ay, that was proven in August*.  That results in the following sentence[.]

(Emphases added.).

{¶ 25} Factoring in the above statements, findings and expressed considerations, we hold the trial court record supports the imposed sentence and the sentence is not contrary to law.

{¶ 26} Consequently, appellant's sole assignment of error is not well-taken.

8.

**Conclusion**

**{¶ 27}** The judgment of the Lucas County Court of Common Pleas is affirmed.

Appellant is ordered to pay costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J.

Thomas J. Osowik, J.

James D. Jensen, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE