[Cite as *State v. Osley*, 2018-Ohio-1958.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                      Court of Appeals No. L-17-1117

       Appellee                              Trial Court No. CR0201602940

v.

Devantee Osley                              **DECISION AND JUDGMENT**

       Appellant                             Decided:  May 18, 2018

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

Lawrence A. Gold, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} This is an *Anders* appeal.  Appellant, Devantee Osley, appeals the judgment

of the Lucas County Court of Common Pleas, convicting him of one count of involuntary

manslaughter in violation of R.C. 2903.04(A) and (C), a felony of the first degree, along

with a firearm specification under R.C. 2941.145.  For the reasons that follow, we affirm.

## I. Facts and Procedural Background

{¶ 2} On October 20, 2016, the Lucas County Grand Jury indicted appellant on one count of murder in violation of R.C. 2903.02(A), and, in the alternative, one count of murder in violation of R.C. 2903.02(B), both with firearm specifications under R.C. 2941.145. The charges were based on an incident wherein appellant agreed to meet and fight the victim. After the parties arrived, appellant shot the victim three times, killing him.

{¶ 3} Appellant entered initial pleas of not guilty to the charges. On April 3, 2017, a change of plea hearing was held at which appellant pleaded guilty, pursuant to *North Carolina v. Alford*, to the lesser included offense of involuntary manslaughter with a firearm specification. In exchange, the state agreed to dismiss the second count and firearm specification. Notably, the state indicated that it only entered into the plea agreement because although there were numerous individuals who witnessed appellant shoot and kill the victim, the state was unable to compel the witnesses to testify. After a thorough Crim.R. 11 colloquy, the trial court accepted appellant's plea and found him guilty.

{¶ 4} The matter was continued for sentencing on April 28, 2017. At the sentencing hearing, the trial court heard statements in mitigation from defense counsel. Specifically, defense counsel indicated that it was not appellant's intention to cause the death of the victim. In addition, defense counsel noted that appellant has a learning disability, and that his prior record is limited to four misdemeanor convictions and no

2.

felony convictions. The trial court also considered a statement from the state, as well as numerous letters and a victim impact statement given by the victim's younger brother. The trial court then stated that it had considered the record, oral statements, victim impact statement, and presentence investigation report, as well as the principles and purposes of sentencing and the seriousness and recidivism factors, and sentenced appellant to ten years in prison on the count of involuntary manslaughter, with a mandatory additional three consecutive years for the firearm specification, for a total prison sentence of 13 years. The trial court also ordered appellant to pay $8,317.01 in restitution to the victim's family for funeral expenses.

## II. Anders Requirements

{¶ 5} Appellant timely appealed his judgment of conviction. Subsequently, appointed counsel for appellant filed a brief and requested leave to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Under *Anders*, if counsel, after a conscientious examination of the case, determines it to be wholly frivolous, counsel should so advise the court and request permission to withdraw. *Id.* at 744. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel must also furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise additional matters. *Id.* Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the

3.

appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or it may proceed to a decision on the merits if state law so requires. *Id.*

### III. Potential Assignment of Error

**{¶ 6}** In his *Anders* brief, counsel has assigned the following potential error for our review:

> I. Appellant's sentence is contrary to law and should be vacated due to the trial court's failure to comply with R.C. 2929.11 and R.C. 2929.12.

**{¶ 7}** Appellant has not filed a pro se brief or otherwise raised any additional matters.

### IV. Analysis

**{¶ 8}** We review a felony sentence under the two-pronged approach set forth in R.C. 2953.08(G)(2). *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11. R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

4.

**{¶ 9}** Here, the findings under R.C. 2953.08(G)(2)(a) are not at issue. Thus, we must determine if the sentence is otherwise contrary to law. In *Tammerine*, we recognized that *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, still can provide guidance for determining whether a sentence is clearly and convincingly contrary to law. *Tammerine* at ¶ 15. The Ohio Supreme Court in *Kalish* held that where the trial court expressly stated that it considered the purposes and principles of sentencing in R.C. 2929.11 as well as the factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily permissible range, the sentence was not clearly and convincingly contrary to law. *Kalish* at ¶ 18.

**{¶ 10}** Here, appellate counsel suggests that appellant's sentence is contrary to law because the trial court's imposition of a near-maximum sentence did not take into account any of the mitigating factors, such as his learning disability or lack of criminal record. Further, he posits that the trial court's sentence did not "punish the offender using the minimum sanctions" under R.C. 2929.11(A).

**{¶ 11}** However, "a sentencing court is not required to use any specific language or make specific findings to demonstrate that it considered the applicable sentencing criteria." *State v. Neal*, 6th Dist. Lucas No. L-16-1267, 2017-Ohio-8923, ¶ 17, citing *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000). Moreover, "the individual decisionmaker has the discretion to determine the weight to assign a particular statutory factor." *Arnett* at 215. Thus, because the trial court expressly stated that it considered the principles and purposes of sentencing in R.C. 2929.11, and the seriousness

5.

and recidivism factors in R.C. 2929.12, we hold that appellant's sentence is not clearly and convincingly contrary to law.

{¶ 12} Accordingly, we find the potential assignment of error to be without merit.

## V. Conclusion

{¶ 13} We have conducted an independent review of the record, as required by *Anders*, and find no issue of arguable merit for appeal. Therefore, counsel's motion to withdraw is hereby granted.

{¶ 14} For the foregoing reasons, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

{¶ 15} The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.


A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J. _____

Arlene Singer, J. _____

Thomas J. Osowik, J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.