[Cite as *State v. Wright*, 2019-Ohio-165.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals Nos. S-17-055 |
| | S-17-056 |
| Appellee | |
| | Trial Court Nos. 17CR127 |
| v. | 17CR588 |
| Daniel L. Wright | **DECISION AND JUDGMENT** |
| Appellant | Decided: January 18, 2019 |

* * * * *

Timothy Braun, Sandusky County Prosecuting Attorney, and
Mark E. Mulligan, Assistant Prosecuting Attorney, for appellee.

Andrew R. Mayle and Ronald J. Mayle, for appellant.

* * * * *

HENSAL, J.

{¶1} Daniel Wright appeals his sentences from the Sandusky County Court of
Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} Mr. Wright pleaded guilty to kidnapping in case number 17CR127. He
pleaded guilty to felonious assault and grand theft in case number 17CR588. At a joint

sentencing hearing, the trial court sentenced him to 96 months of imprisonment in each case. It ordered him to serve the sentences consecutive to each other for a total prison term of eight years. Mr. Wright has appealed, assigning as error that the trial court erred when it ordered him to serve his sentences consecutively.

## II.

## ASSIGNMENT OF ERROR

THE GENERAL RULE IN OHIO IS THAT PRISON TERMS FOR SEPARATE OFFENSES RUN CONCURRENTLY. NO EXCEPTION APPLIES HERE. THEREFORE, THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES.

{¶3} Mr. Wright argues that, although Revised Code Section 2929.14(C)(4) allows a trial court to run the sentences for two offenses within the same case consecutive to each other, it does not allow a court to run sentences imposed in two different proceedings consecutive to each other. We "review felony sentences under the standard set forth in R.C. 2953.08(G)(2) which provides that an 'appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law.'" *State v. Braswell*, 6th Dist. Lucas No. L-16-1197, 2018-Ohio-3208, ¶ 38, quoting R.C. 2953.08(G)(2); *State v Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, ¶ 1. The trial court's findings are not at issue in this

2.

case. "Thus, we must determine if the sentence is otherwise contrary to law." *State v. Osley*, 6th Dist. Lucas No. L-17-1117, 2018-Ohio-1958, ¶ 9.

{¶4} Section 2929.14(C)(4) provides, in relevant part, that, "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively * * *." Mr. Wright argues that comparing the language of that subsection to the language of subsections (C)(1)-(3) compels the conclusion that a court may only run the sentences imposed in a single proceeding consecutive to each other.

{¶5} Section 2929.14(C)(1) requires certain offenders to serve their mandatory prison sentences consecutive to prison terms "previously or subsequently" imposed on the offender. Section 2929.14(C)(2) requires offenders who commit a felony while incarcerated to serve the sentence imposed for the new felony consecutive to any prison term "previously or subsequently" imposed. Section 2929.14(C)(3) requires an offender who steals a firearm or flees from the police in a motor vehicle to serve the sentence for that offense consecutive to any prison term "previously or subsequently" imposed on the offender. According to Mr. Wright, because Section 2929.14(C)(4) does not say that the court may order sentences to run consecutive to those previously or subsequently imposed, it may only order consecutive sentences within a single proceeding.

{¶6} In Sections 2929.14(C)(1)-(3), the General Assembly has required sentencing courts to run sentences for certain offenses consecutive to all other sentences. Section 2929.14(C)(4), however, addresses a different situation. In that section, the General

3.

Assembly has given sentencing courts discretion to run other sentences consecutive to each other if they make certain findings. R.C. 2929.14(C)(4). Upon review of Section 2929.14, we conclude that the fact that the General Assembly used the phrase "previously or subsequently" in subsections (C)(1)-(3) has no significance as to subsection (C)(4) because, even though they are all subsections under 2929.14(C), subsection (C)(4) applies to different circumstances.

{¶7} Mr. Wright next argues that the fact Section 2929.14(C)(4) describes what "the" court may do indicates that it only applies to sentences imposed within a single case. He also argues that the fact that the subsection uses the present tense "are" indicates that it only applies to sentences within one case because those are the only sentences that "are imposed" at the same time.

{¶8} The phrase "[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses" does not contain any language specifically restricting it to sentences imposed within a single proceeding. The statute's use of the word "are" suggests that a prison term need only be in existence at the time that the trial court applies Section 2929.14(C)(4). At the time the sentencing court decides whether to run a sentence consecutive under Section 2929.14(C)(4), there are two sets of sentences that may exist for the offender: 1) those that have just been imposed in the current proceeding and 2) those that were imposed in a prior proceeding and that the defendant has not completed. Upon consideration of the plain language of Section 2929.14(C)(4), we conclude that a sentencing court may require a defendant to serve a sentence consecutive

4.

to those imposed in a prior case because those sentences "are imposed" on the offender at the time that the sentencing court applies Section 2929.14(C)(4).

{¶9} Mr. Wright further argues that this Court should follow the Fifth District's decision in *State v. Thompson*, 5th Dist. Fairfield No. 01CA62, 2002-Ohio-4717, which concluded that the sentencing court could not run Kenneth Thompson's re-imposed sentence for a community control violation consecutive to the sentence he had received for the offense that was the basis for the violation. The Fifth District, however, reached its conclusion for two reasons that are not applicable to this case. First, it determined that the trial court could not impose a sentence on Mr. Thompson that was greater than the one it originally imposed. It noted that the trial court's original sentencing entry did not indicate that his sentence would be served consecutive to any he received for a subsequent offense. *Id*. at ¶ 31. Second, it determined that allowing consecutive sentences would usurp the authority of the court that imposed the sentence for the subsequent offense from fashioning an appropriate sentence for that offense under Chapter 2929. In this case, the trial court imposed its sentence in the two cases at the same hearing and neither case involved a community control violation. Accordingly, the reasoning of the Fifth District in *Thompson* is inapplicable.

{¶10} Upon review of Section 2929.14(C)(4), we conclude that the trial court correctly concluded that it had discretion to run Mr. Wright's sentence in case number 17CR127 and his sentence in case number 17CR588 consecutive to each other. Mr. Wright's assignment of error is overruled.

5.

## III.

**{¶11}** Mr. Wright's assignment of error is overruled.  The judgment of the Sandusky County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Sandusky, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
CARR, J.
<u>CONCUR.</u>

Judges Jennifer Hensal, Julie Schafer, and Donna Carr, Ninth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.