[Cite as *State v. Vanculin*, 2012-Ohio-292.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI   COUNTY

STATE OF OHIO      :

           :  Appellate Case No.   2011-CA-8

   Plaintiff-Appellee  :

           :  Trial Court Case No. 10-CR-441

v.            :

           :

KYLE VANCULIN      :  (Criminal Appeal from

           :   Common Pleas Court)

   Defendant-Appellant  :

           :

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of January, 2012.

. . . . . . . . . . .

ROBERT E. LONG III, Atty. Reg. #0066796, Miami County Prosecutor's Office, Miami County Safety Building, 201 West Main Street, Troy, Ohio 45373
   Attorney for Plaintiff-Appellant

CHRISTOPHER R. BUCIO, Atty. Reg. #0076517, Roberts, Kelly & Bucio, 10 North Market Street, Troy, Ohio 45373
   Attorney for Defendant-Appellee

. . . . . . . . . . . .

FAIN, J.

{¶ 1} Defendant-appellant Kyle Vanculin appeals from his sentence on his conviction, following a no-contest plea, to four counts of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4), felonies of the third degree.   Vanculin contends that the trial

court's consideration of a victim impact statement, at the sentencing hearing, violated his Confrontation Clause rights under *Crawford v. Washington* (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177.

{¶ 2} We conclude that Vanculin waived any claim that his Confrontation Clause rights were violated when he failed to object at the sentencing hearing to the trial court's announced consideration of the victim impact statement. Furthermore, the prejudicial information that Vanculin claims was in the victim impact statement was actually contained in the "details of offense" section of the pre-sentence investigation report, not in the victim impact statement.

{¶ 3} Accordingly, the judgment of the trial court is Affirmed.

## I. Vanculin Pleads No Contest and Is Sentenced.

{¶ 4} In January 2011, Vanculin was charged by information with four counts of Gross Sexual Imposition, in violation of R.C. 2907.05(A)(4). The offenses, all of which involved his daughter as victim, were alleged to have occurred in 1998, when she was less than thirteen years old.

{¶ 5} Vanculin pled no contest to the charges. He chose to have himself psychologically evaluated, and his evaluation was submitted to the trial court. The trial court also had a pre-sentence investigation report, and a victim impact statement, which included a handwritten statement signed by the victim.

{¶ 6} At the sentencing hearing, the trial court heard from the State, and from Vanculin and his counsel. Vanculin's trial counsel indicated that he had had an opportunity to review the pre-sentence investigation report. The trial court stated that it had considered

the pre-sentence investigation report, the psychological evaluation submitted by Vanculin, and the victim impact statement. The trial court also stated that it had considered the purposes and principles set forth in the felony sentencing statutes. The trial court stated its reasoning in the record, and sentenced Vanculin to four one-year terms of imprisonment, to be served consecutively, for a total of four years.

{¶ 7} Vanculin appeals from his sentence.

## II.   Vanculin Waived Any Claim that Consideration of the ictim Impact Statement, at Sentencing, Violated his confrontation Clause Rights Under the Sixth Amendment.

{¶ 8} Vanculin's sole assignment of error is as follow:

{¶ 9} "THE APPELLANT WAS DENIED HIS SIXTH AMENDMENT RIGHT TO CONFRONTATION."

{¶ 10} The Sixth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, includes the following clause: "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him; * * * ."   This includes the right to confront and to cross-examine anyone making an out-of-court statement for testimonial purposes that is introduced at trial. *Crawford v. Washington* (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177.

{¶ 11} Vanculin contends that the trial court's consideration, at the sentencing hearing, of the victim impact statement, consisting largely of the victim's handwritten statement, and signed by her, violated his rights under the Confrontation Clause.   While recognizing judicial

reluctance to apply the requirements of the Confrontation Clause to a sentencing hearing, Vanculin argues that it should be applied.

{¶ 12} In his brief, Vanculin details his argument that he was prejudiced by the trial court's consideration of the victim impact statement without any previous awareness by him that it existed, or that the trial court would consider it:

> In the case at bar, the court failed to give deference to the psychological tests completed by Dr. Fred Sachs and relied heavily on the letter from the victim. The letter from the victim claimed the criminal activity had been going on for a period of nine years. Furthermore, the letter from the victim was fostered by the State and was for the purpose of furthering prosecution against the Appellant. Moreover, the Appellant was punished because of the statement being used against him that allegedly proved a past event. The Appellant previously had agreed and confessed to the victim's initial claim that this only occurred on four separate occasions. The Appellant was never aware of the Victim's Impact Statement until it was discussed by the Court at sentencing. The trial judge clearly admits to invoking a more serious sentence based on the letter from the victim, even though the statements contained therein were different from the victim's previous statements. *See* Tr. 9-11. The trial judge stated[:] "And I know you may not want to acknowledge that, but your version of the even[t]s that took place were completely different from your daughter's version of them. . . . The victim in this remembers it as a much prolonged series of events that occurred almost over nine years. And while you may only acknowledge . . . that it occurred a few times, because you were charged only four times in the indictment, it[']s more serious than that, Mr. VanCulin." T. 10. Because the testimony within the letter from the victim was used against the Appellant and he was unable to confront that witness on the discrepancies in her statement, the lower court has violated the Appellant's Sixth Amendment right to confrontation.

(Omissions in original.)

{¶ 13} Although Vanculin does not cite it, the trial court also referred, at sentencing, to the fact that Vanculin made his victim feel guilty by telling her that if she told anyone, it "would cause her brothers to be taken away."

{¶ 14} But none of the prejudicial information of which Vanculin complains is contained in the victim impact statement. The victim impact statement does not describe the

offenses in any way. It does not state that the conduct was ongoing over a period of nine years, rather than four isolated instances. It also does not refer to Vanculin's statement that the victim's brothers would be taken away if she told anyone about the abuse. All of these facts, which the trial court did refer to at the sentencing hearing, are set forth in the "details of the instant offense" section of the pre-sentence investigation report, which Vanculin's trial counsel acknowledged having reviewed before the sentencing hearing. These facts do appear to have had the victim as their source, but they are not referred to in the victim impact statement. They are set forth in the pre-sentence investigation report.

{¶ 15} If Vanculin wished to object to the trial court's consideration of the victim's version of events set forth in the pre-sentence investigation report – in the absence of his opportunity to confront the victim – he had advance notice and an opportunity to object. He did not do so. Therefore, he has waived all but plain error. To find plain error, we would have to find that the result would clearly have been otherwise, had the error not occurred. This would ordinarily be impossible to find in relation to a claimed violation of the Confrontation Clause. Assuming, for purposes of analysis, that Vanculin had a right to confront his victim for purposes of the sentencing hearing, concerning her differing account of the offenses, as set forth in the pre-sentence investigation report, there is no way for us to determine that the result would have been otherwise had he been accorded, and had he exercised, that right.

{¶ 16} As the State notes, there is a statutory right, under R.C. 2930.14(B), to respond to a victim impact statement if it "includes new material facts." But the victim impact statement in this case did not set forth any facts concerning the nature of the offenses of which

Vanculin was convicted. Indeed, the only aspect of the victim impact statement – as contrasted with the victim's version of events set forth in the pre-sentence investigation report – to which the trial court referred at the sentencing hearing was that the victim was conflicted, which is apparent from the victim's recommendation as to sentence. But a recommendation as to sentence is not testimonial in nature, is not a "new material fact," and, in any event, is not the subject of Vanculin's complaint.

{¶ 17} Vanculin's sole assignment of error is overruled.

## III. Conclusion.

{¶ 18} Vanculin's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

GRADY, P.J., and DONOVAN, J., concur.


Copies mailed to:

Robert E. Long III
Christopher R. Bucio
Hon. Christopher Gee