[Cite as *State v. Doyle*, 2014-Ohio-285.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 13 CA 8 |
| TIMOTHY M. DOYLE | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  11 CR 332


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      January 27, 2014


APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

GREGG MARX                           DAVID A. SAMS
PROSECUTING ATTORNEY                 Post Office Box 40
CRYSTAL A. BENNETT                   West Jefferson, Ohio  43162
ASSISTANT PROSECUTOR
239 West Main Street, Suite 101
Lancaster, Ohio  43130

*Wise, J.*

{¶1}   Appellant Timothy M. Doyle appeals from his convictions for aggravated burglary and domestic violence in the Court of Common Pleas, Fairfield County. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

{¶2}   On July 21, 2011, a 911 dispatcher received a call from a woman identified as "Mrs. Mason," indicating a domestic disturbance which had just occurred at 405 West Main Street, Lancaster, Ohio, the residence of female victim M.B., where the other female victim, K.A. had stopped by to visit.[1] According to other witnesses, appellant had come in a state of rage to M.B.'s residence to tell K.A. to go back home, where she lived with appellant. After forcing his way through the door into M.B.'s home, appellant began punching and yelling at K.A., calling her a "whore", and at one point knocking her down.  M.B. came out on her porch indicating that appellant had hurt her arm. M.B. also fell on a table as a result of appellant forcing his way into the home. K.A. later testified that she was injured, but did not want to go to the hospital because appellant had threatened to destroy her belongings.

{¶3}   Officers arrived on scene after the 911 call was placed. Tr. 79, 84. Officer Matt Mullett of the Lancaster Police Department questioned the victims and collected evidence. Appellant had fled the scene and various officers began a search in the area for appellant. K.A. was escorted back to her residence as the suspect was at large and she was scared to go into her home alone. The residence had been ransacked prior to their arrival, and K.A.'s clothes had been thrown into a creek. Officers Rod Sandy and Daniel Thomas caught appellant on his bicycle later that same evening. Appellant

---

[1]   Mrs. Mason, a neighbor, did not testify at trial, although her daughter did.  *See* testimony of Cheryl Mason-May, Tr. at 220-234.

immediately fled upon seeing the officers and struggled when officers finally caught up with him.

{¶4}    On August 26, 2013, appellant was indicted for aggravated burglary (R.C. 2911.11(A)(1)), domestic violence (R.C. 2919.25(A)), assault (R.C. 2903.13(A)), and violation of a civil protection order (R.C. 2919.27(A)).

{¶5}    The case proceeded to a jury trial. During the trial, as further discussed infra, a 911 call made from the scene was admitted as evidence at trial after the testimony of the 911 dispatcher. Appellant was ultimately found guilty of all counts on November 15, 2012. The court thereafter sentenced appellant to four years for aggravated burglary, which was merged with the assault count, and 180 days each on the counts of domestic violence and VCPO, with all said sentences to be served concurrently.

{¶6}    Appellant herein raises the following two Assignments of Error:

{¶7}    "I.    DEFENDANT-APPELLANT WAS DENIED THE RIGHT OF CONFRONTATION UNDER THE STATE AND FEDERAL CONSTITUTIONS.

{¶8}    "II.    DEFENDANT-APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE DOMESTIC VIOLENCE CHARGE WAS BASED ON INSUFFICIENT EVIDENCE CONTRARY TO OHIO LAW AND THE STATE AND FEDERAL CONSTITUTIONS."

I.

{¶9}    In his First Assignment of Error, appellant argues the trial court violated his constitutional right to confrontation by allowing the presentation at trial of a recorded 911 emergency telephone call.

{¶10}   The Confrontation Clause of the Sixth Amendment to the United States Constitution guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him * * *." Section 10, Article I, Ohio Constitution also guarantees a defendant's right to "meet the witnesses face to face." In *Crawford v. Washington* (2004), 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177, the United States Supreme Court held that under the Confrontation Clause, "testimonial" statements of a witness who does not appear at trial may not be admitted or used against a criminal defendant unless the declarant is unavailable to testify and the defendant has had a prior opportunity for cross-examination.

{¶11}   "[Q]uestions of the scope and effect of constitutional protections, such as the Sixth Amendment, are matters of law and therefore reviewed de novo." *State v. Dunivant,* Stark App.No. 2003CA00175, 2005–Ohio–1497, ¶ 7, citing *United States v. Wilmore* (C.A.9, 2004), 381 F.3d 868, 871. However, it is well-established that failure to raise objections to proceedings on constitutional grounds results in a waiver of such assignments of error. *In re Willis,* Coshocton App.No. 02CA15, 2002–Ohio–6795, ¶ 10, citing *State v. Awan* (1986), 22 Ohio St.3d 120, 489 N.E.2d 277. The waiver doctrine has been applied in cases where a defendant has failed to object to claimed violations of the Confrontation Clause. *See, e,g., State v. Vanculin*, Miami App.No. 2011–CA–8, 2012-Ohio-292, ¶ 2.

{¶12}   Appellant did not object at trial during the playing of the recorded call to the jury. Although, as an appellate court, we have the ability to review this issue under a plain error standard, we are not inclined to do so in the case sub judice. As recognized by the Second District Court of Appeals: "Typically, 911 calls made to report an ongoing

emergency that requires police assistance to resolve that emergency are not 'testimonial' in nature and therefore the Confrontation Clause does not apply." *State v. McDaniel*, Montgomery App.No. 24423, 2011-Ohio-6326, ¶ 24. We find the 911 call at issue was made during an ongoing emergency. The caller had caught the "tail end" of the event in question. *See* Tr. at 82-83. Another male voice could be heard on the phone also relaying information. Tr. at 83. No officer was on scene when the 911 call was made, and the call ended after an officer arrived. Tr. 79, 84.

{¶13} Accordingly, appellant's First Assignment of Error is overruled.

II.

{¶14} In his Second Assignment of Error, appellant argues his convictions were against the manifest weight of the evidence and his domestic violence conviction was not supported by the sufficiency of the evidence. We disagree.

{¶15} Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. *See also, State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175, 485 N.E.2d 717.

### *Manifest Weight re: Identity of Suspect*

**{¶16}** Appellant first argues that based on the evidence of the 911 call the jury was likely confused as to the identity of the assailant reported on July 21, 2011. Our review indicates that the 911 caller stated several times to the dispatcher that the name of the perpetrator being relayed to her was "Dole," rather than "Doyle." *See* Tr. at 77-79. However, after checking further with others at the scene while on the telephone, the caller stated that the man's name was indeed "Doyle." *See* Tr. at 79. Moreover, based upon K.A.'s and M.B.'s subsequent identifications of appellant and the recollections of the police officers, we find no reversible error regarding identification issues.

### *Manifest Weight re: Burglary and "Break-in"*

**{¶17}** Appellant next contends there was confusion created for the jury because of conflicting testimony as to the nature of the break-in at the residence, i.e., whether the door was kicked off its hinges or left undamaged. *See* Tr. at 128, 203, 208, 277. However, both K.A. and M.B. indicated that appellant forcibly entered the residence without obtaining permission. *See* Tr. at 177, 246. Another witness saw appellant dragging and punching K.A. a few minutes later. Tr. at 232-233. We are unpersuaded that the presentation of evidence regarding the burglary charge caused the jury to lose their way in reaching its verdict.

### *Manifest Weight re: Acts of Assault/Domestic Violence*

**{¶18}** Appellant again challenges discrepancies in the testimony of M.B. and K.A. regarding the nature of the assaultive acts perpetrated by appellant, such as a contradiction as to whether M.B. was ever punched in the face. Furthermore, Officer Mullett and the 911 caller did not report observing injuries to M.B. However, at trial,

pictures of bruising on each victim were admitted into evidence without objection. Tr. at 328.

**{¶19}** To find appellant guilty of assault, the trier of fact would have to find that he knowingly caused or attempted to cause physical harm to another. R.C. 2903.13(A). Physical harm to persons is defined as "any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). Upon review of the various witnesses' testimony at trial, we are unpersuaded the jury lost its way in assessing the assault and domestic violence evidence in this case. The jurors, as the firsthand triers of fact, were patently in the best position to gauge the truth.

*Manifest Weight and Sufficiency of the Evidence*
*re: Domestic Violence Statutory Elements*

**{¶20}** In reviewing a claim based on the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

**{¶21}** Specifically, to find appellant guilty of domestic violence, the trier of fact would have to find that he knowingly caused or attempted to cause physical harm to a "family or household member." R.C. 2919.25(A). Appellant and K.A. were not married, and, according to K.A., they lived together but did not sleep together or share in paying bills. *See* Tr. at 238-239. The pertinent terminology under R.C. 2919.25(F)(2) is whether appellant and K.A. were "cohabitating." Testimony was elicited that appellant was K.A.'s "boyfriend" and that there was a loving relationship at one point, but that appellant had become extremely controlling. Tr. at 239, 293. During the incident in question, appellant

kept trying to get K.A. to go home. Tr. 247, 248, 277-278. We find no grounds for reversal of the domestic violence count on sufficiency grounds, and we hold the jury's decision did not create a manifest miscarriage of justice requiring that appellant's conviction for domestic violence be reversed and a new trial ordered.

**{¶22}** Appellant's Second Assignment of Error is therefore overruled.

**{¶23}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, P. J., and

Baldwin, J., concur.