[Cite as *State v. Rose*, 2018-Ohio-4888.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 18CA005 |
| ADAM M. ROSE | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Criminal appeal from the Holmes County
Court of Common Pleas, Case No.
17CR080

JUDGMENT: Affirmed

DATE OF JUDGMENT ENTRY: December 6, 2018

APPEARANCES:

For Plaintiff-Appellee
SEAN WARNER
Prosecuting Attorney
Holmes County Prosecutor's Office
164 East Jackson Street
Millersburg, OH 44654

For Defendant-Appellant
DAVID M. HUNTER
244 West Main Street
Loudonville, OH 44842

*Gwin, P.J.*

{¶1} Appellant Adam M. Rose ["Rose"] appeals his conviction and sentence after a negotiated guilty plea in the Holmes County Court of Common Pleas.

*Facts and Procedural History*

{¶2} Rose was charged by Grand Jury Indictment on October 10, 2017 with, three counts of Domestic Violence in violation of R.C. 2919.25(A), two counts of Aggravated Menacing in violation of R.C. 2903.21(A), two counts of Felonious Assault in violation of R.C. 2903.11(A)(1), two counts of Abduction in violation of R.C. 2905.02(A)(2), two counts of Petty Theft in violation of R.C. 2913.02(A)(1), Prohibitions concerning companion animals in violation of R.C. 959.131 and Kidnapping in violation of R.C. 2905.01(A)(3).

{¶3} Based upon a plea arrangement Rose pled guilty to two counts of Domestic Violence - misdemeanors of the first degree, one count of Aggravated Menacing - a misdemeanor of the first degree, one count of attempted Aggravated Assault - a felony of the fifth degree, one count of Abduction - a felony of the third degree, one count of Petty Theft - a misdemeanor of the first degree and one count of Prohibitions Concerning Companion Animals - a felony of the fifth degree.

{¶4} On May 10, 2018, Rose was sentenced on his guilty plea to a term of incarceration of thirty-six months on the Abduction charge, twelve months each on the Prohibitions Concerning Companion Animals and Attempted Aggravated Assault to be served consecutively for a total period of incarceration of sixty (60) months. The trial court further sentenced Rose to jail terms of six months each on the Domestic Violence

charges, Aggravated Menacing charge and Petty Theft charge to be served concurrently with each other and the sixty-month prison sentence imposed for the felony offenses.

*Assignments of Error*

**{¶5}** Rose raises two assignments of error,

**{¶6}** "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE FOR HIS FELONY CONVICTION.

**{¶7}** "II. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO CONSECUTIVE SENTENCES FOR HIS FELONY CONVICTIONS.

I. & II.

**STANDARD OF APPELLATE REVIEW.**

**{¶8}** We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016–Ohio–1002, 59 N.E.3d 1231, ¶22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that *either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.* *See, also, State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, ¶28.

**{¶9}** Accordingly, pursuant to *Marcum* this Court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that: (1) the record does not support the trial court's findings under relevant statutes, *or* (2) the sentence is otherwise contrary to law.

{¶10} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118(1954), paragraph three of the syllabus. *See also, In re Adoption of Holcomb*, 18 Ohio St.3d 361 (1985). "Where the degree of proof required to sustain an issue must be clear and convincing, a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." Cross, 161 Ohio St. at 477 120 N.E.2d 118.

**ISSUES FOR APPEAL.**

*a).Whether the trial court properly imposed the maximum sentence in Rose's case.*

*b). Whether the trial court properly imposed consecutive sentences in Rose's case.*

***R.C. 2929.13(B).***

{¶11} R.C. 2929.13(B) applies to one convicted of a fourth or fifth degree felony. Rose plead guilty to two felonies of the fifth degree. In relevant part the statute provides,

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii*) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.*

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions that are available for persons sentenced by the court.

Emphasis added.  R.C. 2929.13(B)(1)(b) further provides,

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) *If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.*

(iii) *The offender violated a term of the conditions of bond as set by the court.*

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department,

within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction that is available for persons sentenced by the court.

(v) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

*(vii) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.*

(viii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(ix) The offender committed the offense for hire or as part of an organized criminal activity.

*(x) The offender at the time of the offense was serving, or the offender previously had served, a prison term.*

*(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.*

Emphasis added.

**{¶12}** In the case at bar, Rose plead guilty to Abduction, a felony of the third degree. Rose was previously convicted of Robbery and Felonious Assault. (Sent. T. at 4). Rose was on probation at the time of committing these offenses. (Sent. T. at 16). Accordingly, the court had discretion to impose a prison term for the fifth degree felonies.

### R.C. 2929.13(C).

**{¶13}** R.C. 2929.13(C) applies to one convicted of a third degree felony. Rose pled guilty to one felony of the third degree.

**{¶14}** According to R.C. 2929.13(C), when determining whether a third-degree felony warrants a prison sentence, the trial court is to consider the seriousness and recidivism factors contained in R.C. 2929.12. As well, the trial court is to consider the purposes and principles of sentencing outlined in R.C. 2929.11. The purposes and principles of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. R.C. 2929.11. In order to achieve these purposes and principles, the trial court must consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both. R.C. 2929.11(A). Additionally, the sentence must be commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact on the victims. R.C. 2929.11(B).

***R.C. 2929.11 and R.C. 2929.12.***

**{¶15}** The *Marcum* court further noted,

> We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence *that is not clearly and convincingly contrary to law* only if the appellate court finds by clear and convincing evidence that the record does not support the sentence.

146 Ohio St.3d at ¶23, 2016–Ohio–1002, 59 N.E.3d 1231 (emphasis added).

**{¶16}** R.C. 2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. 2929.11(B).

**{¶17}** R.C. 2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11. The statute provides a non-exhaustive list of factors a trial court must consider when determining the

seriousness of the offense and the likelihood that the offender will commit future offenses.

**{¶18}** In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the court discussed the effect of *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470 decision on felony sentencing.  The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. 2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."  *Kalish* at ¶ 1 and ¶11, *citing Foster* at ¶100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306;  *State v. Firouzmandi*, 5th Dist. Licking  No. 2006-CA-41, 2006-Ohio-5823.

**{¶19}** "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)."  *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes.  *Kalish* at ¶13, *see also State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1; *State v. Firouzmandi supra* at ¶ 29.

**{¶20}** Thus, post-*Foster*, "there is no mandate for judicial fact-finding in the general guidance statutes.  The court is merely to 'consider' the statutory factors."  *Foster* at ¶ 42.  *State v. Rutter*, 5th Dist. No. 2006-CA-0025, 2006-Ohio-4061; *State v. Delong*, 4th Dist. No. 05CA815, 2006-Ohio-2753 at ¶ 7-8.  Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

**{¶21}** There is no requirement in R.C. 2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism

or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State v. Gant,* 7th Dist. No. 04 MA 252, 2006-Ohio-1469, at ¶60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes,* 6th Dist. No. WD-05-024, 2005-Ohio-6405, ¶10 (trial court was not required to address each R.C. 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods,* 5th Dist. No. 05 CA 46, 2006-Ohio-1342, ¶19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).

**{¶22}** In the case at bar, the trial court heard the victim, the victim's stepfather, the victim's sister and the victim's mother. (Sent. T. at 9-12.) The court heard from Rose's attorney, the state's attorney and Rose. The trial court reviewed the presentence investigation report, the investigation reports, the victim impact statements and the appellant's sentencing memorandum. (Sent. T. at 16).

**{¶23}** In the case at bar, the record supports that the harm caused the victim was "serious physical harm" [2929.12(B)(2)]. (Sent. T. at 16). The offenses were also more serious because Rose used his relationship with the victim to facilitate the offenses. [2929.12(B)(6)]. (Sent. T. at 16). None of the factors set forth in 2929.12(C) are applicable to render the offenses "less serious." (Sent. T. at 16). Rose was on probation at the time he committed the offenses R.C. 2929.12(C)(1) (Sent. T. at 16). Rose had not been rehabilitated after his previous convictions. R.C. 2929.12(C)(3) (Sent. T. at 16).

**{¶24}** Accordingly, the trial court considered the purposes and principles of

sentencing [R.C. 2929.11] as well as the factors that the court must consider when determining an appropriate sentence. [R.C. 2929.12]. The trial court has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

**R.C. 2929.13(D).**

**{¶25}** R.C. 2929.13(D) (1) applies to one convicted of a felony of the first or second degree, for a felony drug offense that is a violation of any provision of Chapter 2925., 3719., or 4729. of the Revised Code for which a presumption in favor of a prison term is specified as being applicable, and for a violation of division (A)(4) or (B) of section 2907.05 of the Revised Code for which a presumption in favor of a prison term is specified as being applicable. Rose was not convicted of a felony of the first or second degree. Accordingly, R.C. 2929.13(D) does not apply to Rose's case.

**R.C. 2929.14 (B)(2)(e).**

**{¶26}** R.C. 2929.14(B)(2)(e) concerns additional prison sentences that a trial court can impose upon a defendant under specified circumstances. Rose was not given an additional prison sentence.

**R.C. 2929.14 (C)(4) Consecutive Sentences.**

**{¶27}** R.C. 2929.14(C)(4) concerns the imposition of consecutive sentences.

**{¶28}** In Ohio, there is a statutory presumption in favor of concurrent sentences for most felony offenses. R.C. 2929.41(A). The trial court may overcome this presumption by making the statutory, enumerated findings set forth in R.C. 2929.14(C) (4). *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶23. This

statute requires the trial court to undertake a three-part analysis. *State v. Alexander,* 1st

Dist. Hamilton Nos. C–110828 and C–110829, 2012-Ohio-3349, 2012 WL 3055158, ¶ 15.

R.C. 2929.14(C)(4) provides,

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶29}** Thus, in order for a trial court to impose consecutive sentences the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. The court must also find that consecutive sentences are not disproportionate to the offender's conduct and to the danger the offender poses to the public. Finally, the court must make at least one of three additional findings, which include that (a) the offender committed one or more of the offenses while awaiting trial or sentencing, while under a sanction imposed under R.C. 2929.16, 2929.17, or 2929.18, or while under post release control for a prior offense; (b) at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct would adequately reflect the seriousness of the offender's conduct; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. *See, State v. White*, 5th Dist. Perry No. 12-CA-00018, 2013-Ohio-2058, ¶36.

**{¶30}** In *State v. Bonnell*, 140 Ohio St.3d 209, 2014–Ohio–3177, 16 N.E.2d 659, syllabus, the Supreme Court of Ohio stated that:

In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

**{¶31}** Furthermore, the sentencing court is not required to recite "a word-for-word recitation of the language of the statute." *Bonnell*, ¶29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the

record contains evidence to support the findings, consecutive sentences should be upheld." Id.  A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law.  *Bonnell,* ¶34.  The findings required by R.C. 2929.14(C)(4) must be made at the sentencing hearing and included in the sentencing entry.  Id. at the syllabus.  However, a  trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a *nunc pro tunc* entry to reflect what actually occurred in open court.  *Bonnell,* ¶30.

**{¶32}**  In this case, the record does support a conclusion that the trial court made all of the findings required by R.C. 2929.14(C)(4) at the time it imposed consecutive sentences.

**R.C. 2929.14(C)(4): [T]he court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.**

**{¶33}**  The trial court considered this factor.  Sent. T. at 18.

**R.C. 2929.14(C)(4)(a): The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.**

**{¶34}**  This provision does apply to Rose's case.  Sent. T. at 16; 18.

**R.C. 2929.14(C)(4)(b): At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.**

**{¶35}** The trial court considered this factor. Sent. T. at 18.

**R.C. 2929.14(C)(4)(c): The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.**

**{¶36}** The trial court made a specific finding concerning this factor.

***R.C. 2929.20.***

**{¶37}** R.C. 2929.20 (I) is inapplicable, as Rose's was not applying to the court for judicial release.

**{¶38}** In the case at bar, the plea was in exchange for the state dismissing or reducing several felony charges.

**{¶39}** Given that the trial court is not obligated to refer to every factor listed in R.C. 2929.12 as part of its sentencing analysis, "the defendant has the burden to affirmatively show that the court did not consider the applicable sentencing criteria or that the sentence imposed is 'strikingly inconsistent' with the applicable sentencing factors." *State v. Hull*, 11th Dist. Lake No. 2016-L-035, 2017-Ohio- 157, ¶8. Rose has failed in this burden.

**{¶40}** Accordingly, the trial court considered the purposes and principles of sentencing [R.C. 2929.11] as well as the factors that the court must consider when determining an appropriate sentence. [R.C. 2929.12]. The trial court has no obligation

to state reasons to support its findings.  Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

{¶41} Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes.  The sentence was within the statutory sentencing range.  We also find that the record in the case at bar supports the trial court's findings under R.C. 2929.14(C)(4).  Furthermore, the record reflects that the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised Rose regarding post-release control.  While Rose may disagree with the weight given to these factors by the trial judge, Rose's sentence was within the applicable statutory range  and therefore, we have no basis for concluding that it is contrary to law.

{¶42} Rose has failed to clearly and convincingly show that the trial court failed to consider the principles of felony sentencing, or that the aggregate sentence is otherwise contrary to law.

{¶43} Roses' First and Second Assignments of Error are overruled.

{¶44} The judgment of the Holmes County Court of Common Pleas is affirmed.

By Gwin, P.J,

Delaney, J., and

Wise, Earle, J., concur