[Cite as *State v. Pippin*, 2019-Ohio-1387.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-18-1023

        Appellee                                 Trial Court No. CR0201702097

v.

William Jesse Pippin                             **DECISION AND JUDGMENT**

        Appellant                                Decided:  April 12, 2019

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Adam H. Houser, for appellant.

* * * * *

**ZMUDA, J.**

## I.  Introduction

{¶ 1} Appellant, William Pippin, appeals the judgment of the Lucas County Court of Common Pleas, sentencing him to a maximum prison term following his guilty plea to one count of domestic violence. Finding no error, we affirm.

## A. Facts and Procedural Background

{¶ 2} On May 16, 2017, appellant and his live-in girlfriend got into an argument at their home in Holland, Ohio, that escalated to a physical confrontation with appellant, the aggressor, and his girlfriend, the victim. The state charged appellant with one count of domestic violence, in violation of R.C. 2919.25(A) and (D)(3), a felony of the fourth degree. Appellant had a previous misdemeanor conviction for domestic violence, in 2007. Pursuant to a plea agreement, appellant entered a plea of guilty to the indictment in exchange for the state's agreement to remain silent at the time of sentencing.

{¶ 3} On January 16, 2018, the trial court held a sentencing hearing, and heard statements in mitigation from appellant's attorney, as well as a statement from the victim. In her statement to the court, the victim referenced ongoing, abusive conduct by appellant in general terms, spanning their entire relationship, with no mention of the specific offense for which appellant was charged. In imposing its sentence, the trial court indicated it considered appellant's presentence investigation report, considered the principles and purposes of sentencing under R.C. 2929.11, and balanced the serious and recidivism factors under R.C. 2929.12.

{¶ 4} At sentencing, the trial court stated the following:

The Court finds the defendant has been convicted of domestic violence, a misdemeanor – strike that – a felony of the fourth degree. The Court also finds a number of factors. This Court has reviewed your record. Mr. Pippin, you have a previous domestic violence charge that was

2.

amended from a misdemeanor of the first degree to a misdemeanor of the fourth degree. That was in September of 2007. You also have been charged with assault in September of 2007, which was ultimately dismissed. You were charged with assault in Sylvania Municipal Court in November or 2016. Apparently that was dismissed. Apparently in May of '17 there was a violation of a protection order, two counts of that, which were ultimately dismissed. And then these cases were bound over and presumably in front of me. Also, in May there was a contempt of court.

So you apparently don't follow the terms and conditions that were given to you in Sylvania Municipal Court resulting in a contempt of court conviction of which you were sentenced on.

The Court would also find that there were a number of injuries that were caused to the victim in this matter. The Court will note that the victim suffered two black eyes, welts, and bruises all over her body as a result of your actions. There was also a suggestion and indication that the victim had been picked up and repeatedly slammed into a woodpile while you were choking her.

Mr. Pippin, these are extremely, extremely serious events. You have now been convicted of domestic violence. And therefore this Court finds the defendant is not amenable to community control, and that prison is consistent with the purposes of Revised Code 2929.11. The Court finds,

3.

pursuant to Revised Code 2929.13(B)(1), that physical harm to a person was caused. That having been said, this Court is going to order that the defendant serve a term of 18 months in prison. That is the maximum amount of time allowable in prison.

In its corresponding judgment entry, the trial court journalized its determination, stating:

> The Court has considered the record, oral statements, any victim impact statement and presentence report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12.
>
> The Court finds on December 4, 2017, the defendant entered a plea of Guilty, and was found guilty by the Court of DOMESTIC VIOLENCE, a violation of R.C. 2919.25(A)&(D)(3), a FELONY of the FOURTH degree.
>
> The Court further finds the defendant is not amenable to community control and that prison is consistent with the purposes of R.C. 2929.11.
>
> It is ORDERED that defendant serve a term of eighteen months in prison. The Court finds pursuant to R.C. 2929.13(B)(1)(b) if the offense is a qualifying assault offense, the defendant caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense the offender caused physical harm to another person while committing the offense.

**{¶ 5}** Appellant now challenges the maximum sentence for his first felony conviction, as well as the propriety of the trial court's consideration of the victim's statement at sentencing in imposing that sentence.

### B. Assignments of Error

**{¶ 6}** Appellant appeals his 18 month sentence, asserting the following assignments of error:

I. The trial court erred when it sentenced appellant to a maximum sentence.

II. The trial court considered improper facts during the victim impact statement.

### II. Analysis

**{¶ 7}** Appellant's assignments of error challenge the trial court's imposition of a maximum sentence, arguing that sentence is unsupported in the record and based on improper consideration of the victim's statements regarding other, unrelated conduct. Because each assignment of error requires review of the record considered by the trial court at sentencing, we address them together.

**{¶ 8}** The review of felony sentences is governed under R.C. 2953.08(G)(2). A sentence will not be modified or vacated unless appellant demonstrates, by clear and convincing evidence, that the sentence is contrary to law or unsupported by relevant findings in the record. *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 6; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. "Clear

5.

and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus. The standard requires proof of a negative, requiring demonstration that "the record does not support the findings" of the trial court in order to merit reversal or modification of a sentence. *State v. Roberts,* 8th Dist. Cuyahoga No. 104474, 2017-Ohio-9014, ¶ 10.

{¶ 9} Pursuant to R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a sentence only if the record demonstrates, clearly and convincingly, either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or

(b) That the sentence is otherwise contrary to law.

{¶ 10} *State v. Jones*, 6th Dist. Sandusky No. S-18-013, 2019-Ohio-301, ¶ 182, citing *State v. Behrendt*, 6th Dist. Lucas No. L-15-1135, 2016-Ohio-969, ¶ 6; *Marcum* at ¶ 23. Furthermore, while R.C. 2953.08 does not reference other statutory factors, "it is fully consistent for appellate courts to review those sentences that are imposed solely

6.

after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court." *Marcum* at ¶ 23.

{¶ 11} In this case, the trial court referenced R.C. 2929.13(B)(1)(b) in imposing an 18 month prison term, finding appellant caused physical harm to the victim in committing the offense. R.C. 2929.13(B)(1)(b) provides, in pertinent part:

> The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:
>
> * * *
>
> ii. If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

{¶ 12} A community control sanction is only required if "an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is ***not an offense of violence*** or that is a qualifying assault offense." R.C. 2929.13(B)(1)(a) (emphasis added.) Here, appellant entered a guilty plea and was convicted of fourth degree domestic violence, and "[d]omestic violence is categorized as an offense of violence." *State v. Reid,* 6th Dist. Lucas No. L-18-1001, 2018-Ohio-5287, ¶ 16, citing R.C. 2901.01(A)(9)(a). Thus, the trial court was not limited to a community control sanction

7.

at sentencing, and could consider any prison term within the statutory range. *State v. Neal,* 6th Dist. Lucas No. L-16-1267, 2017-Ohio-8923, ¶ 14, citing R.C. 2929.14(A)(4).

{¶ 13} The trial court also did not err in referencing appellant's conduct related to other convictions and dismissed charges in imposing sentence. *See e.g. State v. Waxler,* 6th Dist. Lucas No. L-11-1101, 2012-Ohio-3619, ¶ 12 (where court clearly states consideration of record, oral statements, presentence report and statutory factors, no error in referencing unadjudicated conduct, as such conduct not sole basis for imposing sentence).

{¶ 14} Prior to imposing sentence, the trial court noted appellant's September 2007 misdemeanor domestic assault conviction and dismissed assault charges in September 2007 and November 2016. Additionally, the trial court noted that appellant was charged with two counts of violating a protection order in May 2017, with charges dismissed, and a contempt of court conviction arising from appellant's failure to follow terms and conditions imposed by Sylvania Municipal Court. The record does not indicate, however, that these other incidents served as the sole basis for the sentence imposed.

{¶ 15} The trial court recited consideration of the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors under R.C. 2929.12, and noted that appellant caused the victim physical harm in committing the offense of domestic violence, resulting in "two black eyes, welts, and bruises all over her body" with an "indication that the victim had been picked up and repeatedly slammed

8.

into a woodpile while [appellant choked] her." In imposing sentence, the trial court noted "these are extremely, extremely serious events." Accordingly, while the trial court noted that appellant had trouble complying with terms and conditions and referenced prior conduct – both adjudicated and unadjudicated – it otherwise conducted a thorough review, and unadjudicated allegations did not provide the sole basis for the maximum sentence. *See e.g. State v. Waxler,* 6th Dist. Lucas No. L-11-1101, 2012-Ohio-3619, ¶ 11-12 (although trial court noted other allegations at sentencing, these allegations were merely in addition to the court's consideration of the record, oral statements, and statutory factors).

{¶ 16} As to the victim's statements at the sentencing hearing, appellant's trial counsel made no objection at the hearing, thus waiving all but plain error on appeal. *State v. Allard,* 75 Ohio St.3d 482, 488, 663 N.E.2d 1277 (1996); *State v. Vanculin,* 2d Dist. Miami No. 2011-CA-8, 2012-Ohio-292, ¶ 15. "To establish plain error, appellant must be able to demonstrate that but for the victim impact statements, the trial judge would clearly have sentenced appellant [to a lesser sentence]." *Allard* at 491.

{¶ 17} Appellant demonstrates no such error in this case, despite arguing that he had no way to prepare to address statements alleging other, unrelated conduct. Instead, the record demonstrates that the trial court made no mention of the victim's statement in determining appellant's sentence. In addition to weighing the statutory factors, the trial court focused on the seriousness of the appellant's conduct, the injury that resulted from this conduct, and appellant's criminal record. "Where the court imposes a sentence

9.

within the maximum statutory limit, a reviewing court will presume the trial court followed the standards in determining sentence, absent evidence to the contrary." *State v. Kerekgyarto,* 6th Dist. Lucas No. L-12-1115, 2013-Ohio-2805, ¶ 9, citing *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124; *see also State v. Rose,* 5th Dist. Holmes No. 18CA005, 2018-Ohio-4888, ¶ 18 (post-*Foster,* courts are no longer required to explain the basis for a maximum sentence).

{¶ 18} Appellant failed to demonstrate any lack of support for the trial court's findings, and failed to demonstrate that the inclusion of the victim's statements caused the trial court to impose a more severe sentence than it would have otherwise ordered. Accordingly, appellant's assignments of error are each found not well-taken.

## III. Conclusion

{¶ 19} The judgment of the Lucas County Court of Common Pleas is affirmed. Pursuant to App.R. 24(A)(2), appellant is assessed the cost of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.    _____
                     JUDGE

Thomas J. Osowik, J.

                   _____
Gene A. Zmuda, J.                JUDGE
CONCUR.

                   _____
                     JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.